IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ROBERT LEE ELLIS | § | CASE NO. 10-82128 |
| BEVERLY HOBBS ELLIS | § | |
|       DEBTORS | § | CHAPTER 13 |
| | § | |
| AMERICAN GENERAL FINANCIAL | § | |
| SERVICES | § | |
| | § | |
|   Movant | § | |
| | § | |
| vs. | § | |
| | § | |
| ROBERT LEE ELLIS | § | |
| BEVERLY HOBBS ELLIS | § | |
| | § | |
|   Respondent(s) | § | |
| | § | |

OBJECTION TO AMENDED NOTICE OF PROPOSED ORDER CONFIRMING PLAN
_____

NOW COMES AMERICAN GENERAL FINANCIAL SERVICES ("AGFS"), by and through its undersigned attorneys, and responds to the Debtor's Proposed Chapter 13 Plan as follows:

1. That the Debtor filed Chapter 13 bankruptcy on November 19, 2010 and confirmation is pending.

2. That on or about September 29, 2010, Debtors Robert and Beverly Ellis executed a Deed of Trust with AGFS on or about October 26, 2005.

3. That the purpose of the loan agreement was to refinance previous debt owed to Countrywide Home Loans, formerly held by Americas Wholesale Lender.

4. That at the time the deed of trust was executed, the debtors also executed a Home Equity Line of Credit Agreement, which required, among other things, that the property upon

which it was loaned be used as "the principal residence of at least one borrower, unless Lender otherwise agrees."

5. According to the Amended Notice, the proposed treatment includes a "cram down" of AGFS' lien, supposedly because the Debtors do not reside in the property any longer.

6. AFGS specifically objects to the Debtors' attempts to avoid paying the full claim owed to AGFS because AGFS' contract specifically requires that the collateral be used as the Debtors' primary residence, and the property was represented as such at the time of the execution of the agreement.

WHEREFORE, Creditor requests the following:

1. That a hearing be held in this cause;

2. That the court deny confirmation;

3. That, in the alternative, the court find that the Debtors must treat the AGFS claim as one protected by the anti-modification provisions of 11 USC 1322(b)(2);

4. For any other and further relief this court deems just and proper.

Dated this 22nd day of July, 2011.

Respectfully submitted,

/s/ John C. Bircher III
John C Bircher, III
White & Allen, P.A.
PO Drawer U
New Bern, NC  28563
(252)638-5792
(252)637-7548
ATTORNEY FOR AMERICAN GENERAL
FINANCIAL SERVICES

CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing Objection to Confirmation was forwarded to all parties of interest as listed below or attached hereto via First Class, U.S. Mail, postage prepaid (unless otherwise indicated) on this 22nd day of July, 2011.

/s/ John C. Bircher III
John C Bircher III

Richard M. Hutson II
PO Box 3613
Durham, NC 27702

Robert L. Ellis
Beverly Ellis
341 Winchester Rd.
Rougemont, NC 27572

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615